UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
*************************************
                                    *
CARON LaBRECQUE,                    *
                                    *
            Plaintiff,              *
                                    *
v.                                  *     CIVIL ACTION NO. 04-30089-MAP
                                    *
HAMPSHIRE COMMUNITY ACTION          *
COMMISSION, INC.,                   *
                                    *
            Defendant.              *
                                    *
*************************************
```

## ANSWER

The Defendant, Hampshire Community Action Commission (HCAC), submits this Answer to the Complaint filed by the Plaintiff, Caron LaBrecque, on May 10, 2004.

## FIRST DEFENSE

### A. Introduction

1. The statement in Paragraph 1 contains no allegations and therefore requires no response from the Defendant.

2. The Defendant denies any and all allegations in Paragraph 2 of the Complaint.

3. The Defendant denies any and all allegations in Paragraph 3 of the Complaint.

4. The Defendant denies any and all allegations in Paragraph 4 of the Complaint.

### B. Jurisdiction and Venue

5. The statement in Paragraph 5 is a statement of jurisdiction and contains no allegations and requires no response from the Defendant.

6. The Defendant admits the allegations in Paragraph 6 of the Complaint.

7. The statement in Paragraph 7 is a statement of jurisdiction and contains no allegations and requires no response from the Defendant.

8. The statement in Paragraph 8 is a statement of venue and contains no allegations and requires no response from the Defendant.

### C. **Parties**

9. Upon information and belief, the Defendant admits the allegations in Paragraph 9.

10. The Defendant admits the allegations in Paragraph 10.

11. The Defendant admits the allegations in Paragraph 11.

12. The Defendant admits the allegations in Paragraph 12.

13. The Defendant admits the allegations in Paragraph 13.

14. The Defendant admits the allegations in Paragraph 14.

### D. **Statement of Facts**

15. The Defendant is without sufficient information to admit or deny the allegations in Paragraph 15.

16. The Defendant is without sufficient information to admit or deny the allegations in Paragraph 16.

17. The Defendant is without sufficient information to admit or deny the allegations in Paragraph 17.

18. The Defendant is without sufficient information to admit or deny the allegations in Paragraph 18.

19. The Defendant is without sufficient information to admit or deny the allegations in Paragraph 19.

20. The Defendant is without sufficient information to admit or deny the allegations in Paragraph 20.

21. The Defendant is without sufficient information to admit or deny the allegations in Paragraph 21.

22. The Defendant is without sufficient information to admit or deny the allegations in Paragraph 22.

23. The Defendant admits that the Plaintiff was hired as a Teen Coordinator in June 1999.

24. The Defendant denies any and all allegations in Paragraph 24.

25. The Defendant admits the allegations in Paragraph 25.

26. The Defendant denies any and all allegations in Paragraph 26.

27. The Defendant denies the allegations in Paragraph 27 as written.

28. The Defendant denies the allegations in Paragraph 28 as written.

29. The Defendant denies the allegations in Paragraph 29 as written.

30. The Defendant admits the allegations in Paragraph 30.

31. The Defendant denies the allegations in Paragraph 31 as written.

32. The Defendant is without sufficient information to admit or deny the allegations in Paragraph 32.

33. The Defendant denies any and all allegations in Paragraph 33.

33A The Defendant admits the allegations in Paragraph 33A.[1]

34. The Defendant admits the allegations in Paragraph 34.

35. The Defendant admits the allegations in Paragraph 35.

36. The Defendant denies any and all allegations in Paragraph 36.

37. The Defendant is unable to formulate a response to the allegations in Paragraph 37 because they are incomplete.

38. The Defendant is without sufficient information to admit or deny the allegations in Paragraph 38.

39. The Defendant denies any and all allegations in Paragraph 39.

40. The Defendant denies any and all allegations in Paragraph 40.

41. The Defendant denies the allegations in Paragraph 41 as written.

42. The Defendant denies the allegations in Paragraph 42 as written.

---

[1] The Plaintiff's Complaint includes two Paragraph 33s. Accordingly, the Defendant has renumbered the second of these Paragraphs as 33A.

43. The Defendant denies any and all allegations in Paragraph 43.

44. The Defendant admits that the Plaintiff failed to attend the mandatory training on November 28, 2001. The Defendant is without sufficient information to admit or deny any remaining allegations in Paragraph 44.

45. The Defendant admits the allegations in Paragraph 45.

46. The Defendant denies the allegations in Paragraph 46 as written.

47. The Defendant denies the allegations in Paragraph 47 as written.

48. The Defendant denies the allegations in Paragraph 48 as written.

49. The Defendant denies any and all allegations in Paragraph 49.

50. The Defendant denies any and all allegations in Paragraph 50.

51. The Defendant denies any and all allegations in Paragraph 51.

**First Claim for Relief**
**Discrimination Based on Disability**
**in Violation of 42 U.S.C. § 12112**

52. The Defendant repeats its answers to Paragraphs 1-51 and incorporates those answers into its response to the Plaintiff's First Claim for Relief.

53. The Defendant denies any and all allegations in Paragraph 53.

54. The Defendant denies any and all allegations in Paragraph 54.

**Second Claim for Relief**
**Discrimination Based on Disability**
**in Violation of Mass. Gen. L. c. 151B, § 4(16)**

55. The Defendant repeats its answers to Paragraphs 1-54 and incorporates those answers into its response to the Plaintiff's Second Claim for Relief.

56. The Defendant denies any and all allegations in Paragraph 56.

57. The Defendant denies any and all allegations in Paragraph 57.

### Fourth [sic] (Third) Claim for Relief
### in Violation of 42 U.S.C. § 12203[2]

58. The Defendant repeats its answers to Paragraphs 1-57 and incorporates those answers into its response to the Plaintiff's Third Claim for Relief.

59. The Defendant denies any and all allegations in Paragraph 59.

60. The Defendant denies any and all allegations in Paragraph 60.

61. The Defendant denies any and all allegations in Paragraph 61.

### Fourth Claim for Relief
### Retaliation in Violation of
### Mass. Gen. L. c. 151B § 4(4)

62. The Defendant repeats its answers to Paragraphs 1-61 and incorporates those answers into its response to the Plaintiff's Fourth Claim of Relief.

63. The Defendant denies any and all allegations in Paragraph 63.

64. The Defendant denies any and all allegations in Paragraph 64

### SECOND DEFENSE

The Plaintiff has failed to establish a *prima facie* case of discrimination based on handicap or disability in violation of state or federal law.

### THIRD DEFENSE

The Defendant reasonably accommodated the Plaintiff's alleged disability.

### FOURTH DEFENSE

Any actions taken by the Defendant were based on legitimate, non-discriminatory reasons.

### FIFTH DEFENSE

The Plaintiff has failed to mitigate her damages.

---

[2] There are two "Fourth Claims" in the Plaintiff's Complaint. The Defendant therefore has renamed this claim the Third Claim for Relief.

**SIXTH DEFENSE**

The Plaintiff has failed to exhaust her administrative remedies.

                                  Respectfully submitted,

                                  /s/ Susan G. Fentin
                                  Susan G. Fentin, Esq.
                                  BBO No. 632962
                                  Counsel for Defendant
                                  Skoler, Abbott & Presser, P.C.
                                  One Monarch Place, Suite 2000
                                  Springfield, Massachusetts 01144
Dated: August 30, 2004              Tel.: (413) 737-4753/Fax: (413) 787-1941

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the above document was served upon Plaintiff's counsel, Hugh D. Heisler at Heisler, Feldman & McCormick, P.C., 1145 Main Street, Suite 508, Springfield, MA 01103, by first-class, U.S. mail, postage prepaid on August 30, 2004.

                                  /s/ Susan G. Fentin
                                  Susan G. Fentin, Esq.